## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINZY LEE HILL, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-10-1232-HE |
| ) | |
| BOARD OF REGENTS FOR ) | |
| OKLAHOMA CITY COMMUNITY ) | |
| COLLEGE, a statutory state ) | |
| agency of the State of Oklahoma, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff Linzy Lee Hill sued the Board of Regents of Oklahoma City Community College alleging that, while working at Oklahoma City Community College ("OCCC"), he was constructively discharged and retaliated against for engaging in protected conduct in violation of Title VII.[1] He also asserts a constructive discharge claim under state law. Defendant has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

When considering whether plaintiff's claims should be dismissed under Rule 12(b)(6) the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to plaintiff, the nonmoving party. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir.2007). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

---

[1] *The complaint could be much clearer. Defendant has construed it to allege claims for both race discrimination and a racially hostile work environment in the first cause of action. In his response brief plaintiff clarifies his claims – he is asserting constructive discharge, based on an alleged racially hostile work environment, in his first cause of action and retaliation in his second.*

(2007). Considering the plaintiff's claims under this standard, the court concludes defendant's motion should be denied in part and deferred in part.

In its motion defendant asserts that plaintiff's hostile work environment claim is untimely because he received the right to sue letter on September 20, 2009, yet did not file this action until November 15, 2010. However, as plaintiff points out in his response brief, his claims are based on his second charge of discrimination, which was filed on April 14, 2010. Plaintiff's Exhibit 2. This lawsuit was filed within ninety days of plaintiff's receipt of his second right to sue letter, which is dated August 17, 2010. Plaintiff's Exhibit 3. That does not end the limitations issue, though, as defendant raises another question in its reply brief, which addresses plaintiff's claims as he now describes them.[2]

OCCC contends that plaintiff alleges in his second charge of discrimination that the asserted harassment that forms the basis for his constructive discharge claim occurred in February 2009. As that is more than 300 days before the April, 2010, filing date of the charge, defendant argues that plaintiff's constructive discharge claim is untimely. Plaintiff is directed to file a supplemental brief on this issue by May 31, 2011.[3] Plaintiff also should address defendant's argument that he did not include a constructive discharge claim in the second charge he filed with the Oklahoma Human Rights Commission.

Defendant challenges plaintiff's second claim – for retaliation – on the basis that the

---

[2]See supra note 1.

[3]Plaintiff has been vague about the date of his constructive discharge. It would appear to be June 24, 2009, which is outside the 300 day limitations period.

charge of discrimination "does not adequately set forth an allegation of actionable retaliation under Title VII." Defendant's motion, p. 6. Defendant argues that plaintiff failed to specify both the "leave" and "earlier charge of discrimination" referred to in the charge.

While charges of discrimination generally are liberally construed, the court's "'inquiry is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge. In other words, the charge must contain facts concerning the discriminatory or retaliatory actions underlying each claim ...." Martinez v. Target Corp., 384 Fed.Appx. 840, 845 (10th Cir. 2010) (unpublished) (quoting Jones v. UPS, Inc., 502 F.3d 1176, 1186 (10th Cir.2007)).

Plaintiff alleges in the charge: "I believe that my leave from the workplace is due to the discriminatory treatment I received, and that the delay in approving my disability leave is due to retaliation for filing an earlier charge of discrimination." Plaintiff's Exhibit 2. The charge contains facts describing an allegedly retaliatory act – plaintiff asserts that defendant delayed processing his disability paperwork because of the charge of discrimination he filed with the Oklahoma Human Rights Commission in September 2009. *See id.* That suffices to support his retaliation claim.

Accordingly, defendant's motion is **DENIED** with respect to plaintiff's retaliation claim. A ruling is deferred on plaintiff's claim that he was constructively discharged pending the receipt of plaintiff's supplemental brief, which is due **May 31, 2011**.

3

**IT IS SO ORDERED**.

Dated this 20th day of May, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE